ORIGINAL

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 2 6 2022

at___o'clock and___min. P M  ⟶
CLERK, U.S. District Court

GREGG PARIS YATES #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-mail: Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER A. MAZZEI, (1)<br>ERIN V. MAZZEI, (2)<br><br>Defendants. | CR. NO. **CR 22 - 00045 JMS**<br><br>INDICTMENT<br><br>[18 U.S.C. §§ 1343, 1349,<br>1956(h), and 1957] |

## INDICTMENT

The Grand Jury charges:

//

//

<u>General Allegations</u>

At all times relevant to this Indictment:

<u>The Defendants and the Relevant Business Entities</u>

1.    CHRISTOPHER A. MAZZEI and ERIN V. MAZZEI, the defendants, have been married since 2008.   CHRISTOPHER and ERIN MAZZEI resided in Arroyo Grande, California.

2.    BETTER HALF ENTERTAINMENT LLC (BHE) was headquartered in San Luis Obispo, California and was a film and television production business. According to its filings with the California Secretary of State, BHE was established on July 2, 2018, and listed both CHRISTOPHER and ERIN MAZZEI as its only members or managers.

3.    BETTER HALF PRODUCTIONS INC. (BHP) was headquartered in Beverly Hills, California and was a film and television production business.   BHP was established on January 7, 2020, and ERIN MAZZEI was the sole registered owner of this corporation.

4.    GUSTO ON THE GO LLC (GOTG) was headquartered in San Luis Obispo, California and was a catering business.   GOTG was established on January 22, 2013, and CHRISTOPHER MAZZEI's mother was the sole registered owner. The last filing for this corporation occurred on October 28, 2019, and the corporation was suspended thereafter.

2

## Overview of the Paycheck Protection Program

5.　　The United States Small Business Administration (SBA) is an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses.　The SBA's mission is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.　The SBA enables and provides for loans through banks, credit unions, and other lenders that have government-backed guarantees.　The SBA also provides direct loans.

6.　　On March 13, 2020, the President of the United States declared that the Coronavirus Disease 2019 (COVID-19) pandemic was an emergency under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. 5121-5207.　Shortly afterward, on March 27, 2020, the Coronavirus Aid, Relief, and Economic Security (CARES) Act was enacted to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.　One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses through a program referred to as the Paycheck Protection Program (PPP).　In or

around April 2020, Congress authorized over $300 billion in additional PPP funding.

7.     To obtain a PPP loan, a qualifying business must submit a PPP loan application.   The PPP loan application requires the business, through its authorized representative, to acknowledge the program rules and make certain affirmative certifications.   The business, through its authorized representative, must state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees.   These figures are used to calculate the amount of money the business is eligible to receive under the PPP.   In addition, businesses applying for a PPP loan must provide documentation showing their payroll expenses.

8.     A PPP loan application must be processed by a participating lender, such as a financial institution.   If a PPP loan application is approved, the participating lender funds the PPP loan using its own monies, but repayment is 100% guaranteed by the SBA.   Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to the SBA in the course of processing the loan.

9.     PPP loan proceeds may only be used by the business for specific types of expenses—payroll costs, interest on mortgages, rent, and utilities.

4

Relevant Financial Institutions

10.     Bank 1 is based in the State of Pennsylvania.   Bank 1 was an approved SBA lender and participated as a lender in the PPP.

11.     Bank 2 is based in the State of Maine.   Bank 2 was an approved SBA lender and participated as a lender in the PPP.

12.     Bank 3 is based in the State of Hawaii.   Bank 3 is an approved SBA lender and participated as a lender in the PPP.

13.     Bank 4 is based in the State of California.   CHRISTOPHER and ERIN MAZZEI were the signatories on a business account at Bank 4 in the name of BETTER HALF ENTERTAINMENT LLC dba GUSTO ON THE GO CATERING.

14.     Bank 5 is based in the State of California.   CHRISTOPHER and ERIN MAZZEI were the signatories on two business accounts at Bank 5, both in the name of BHP.   CHRISTOPHER MAZZEI's mother was also a signatory on one of the accounts.

15.     Bank 6 is based in the State of California.   CHRISTOPHER and ERIN MAZZEI were the signatories on a business account at Bank 6 in the name of BHP.

16.     Bank 7 is based in the State of California.   CHRISTOPHER and ERIN MAZZEI, along with P.H., were the signatories on a business account at Bank 7 in the name of a production company, R.B.F.

17.     Bank 8 is based in the District of Hawaii.   CHRISTOPHER and ERIN MAZZEI were the signatories on a business account at Bank 8 in the name of MY BETTER HALF ENTERTAINMENT INC.

18.     Banks 1 through 8 are "financial institutions" as defined in Title 18, United States Code, Section 20.

Count 1
Conspiracy to Commit Wire Fraud
(18 U.S.C. § 1349)

The allegations contained in Paragraphs 1 through 18 of this Indictment are hereby realleged and incorporated by reference.

The Conspiracy and Its Objects

19.     From a precise date unknown, but by at least in or around April 2020, and continuing to in or around May 2020, within the District of Hawaii and elsewhere, CHRISTOPHER A. MAZZEI and ERIN V. MAZZEI, the defendants, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to commit an offense against the United States,

6

namely wire fraud affecting financial institutions, a violation of Title 18, United States Code, section 1343.

## Purpose of the Conspiracy

20.    The purpose of the conspiracy was for CHRISTOPHER and ERIN MAZZEI to obtain money from the PPP and its participating lenders by submitting false loan applications and supporting documents. CHRISTOPHER and ERIN MAZZEI submitted such false loan applications and supporting documents to Bank 1, Bank 2, and Bank 3, while concealing their ownership interest in multiple companies and the fact that they were submitting multiple PPP loan applications based on false payroll expenses.   As a result of the scheme, CHRISTOPHER and ERIN MAZZEI obtained approximately $1,365,000.00 in PPP funds, which they transferred to their own accounts and used for their personal benefit contrary to PPP rules.

## Manner and Means of the Conspiracy

21.    The manner and means by which CHRISTOPHER and ERIN MAZZEI sought to accomplish the purpose of the conspiracy included, among other things, the following:

7

PPP Application to Bank 1

22.     On or about April 10, 2020, CHRISTOPHER MAZZEI submitted a

PPP loan application, signed by ERIN MAZZEI, to Bank 1 in the name of BHE,

seeking $92,500 in PPP funds.   CHRISTOPHER MAZZEI transmitted and caused

to be transmitted the application to Bank 1 by means of interstate wires, namely E-

mail.   In the PPP application, ERIN MAZZEI claimed that she held a 100%

ownership interest in BHE, that BHE had 12 employees and an average monthly

payroll of $37,000, and that the loan was for "payroll" and "lease/mortgage

interest."

23.     Furthermore, as part of her application, ERIN MAZZEI certified that:

    a. on February 15, 2020, BHE was in operation and the loan funds

       would be used to retain workers, maintain payroll or make

       mortgage interest payments, lease payments and utility payments;

    b. between February 15, 2020 to December 31, 2020, BHE had not

       and would not receive another PPP loan; and

    c. neither BHE nor any of its owners had any other ownership in a

       business or common management with any other business.

24.     In fact, and contrary to the foregoing representations, ERIN MAZZEI

held an ownership interest in another business, BHP, and was purportedly an

officer of that business as well.

8

25.     CHRISTOPHER and ERIN MAZZEI also provided Bank 1 with false records purporting to show the amount of wages paid to BHE's employees, as required for PPP loans.   In support of the BHE PPP application, CHRISTOPHER and ERIN MAZZEI provided Internal Revenue Service (IRS) Form 941 records (Employer's Quarterly Federal Tax Return) for the first and second quarter of 2019, which BHE had purportedly submitted to the IRS.   These Form 941 records described the business name as "BETTER HALF ENTERTAINMENT LLC dba GUSTO ON THE GO CATERING."   The Form 941 records for the first and second quarter of 2019 purported to show that BHE paid $111,000 and $114,000 in wages, respectively, in each of these quarters.   Both the IRS Form 941 records submitted by CHRISTOPHER and ERIN MAZZEI in support of BHE's PPP loan application to Bank 1 bore ERIN MAZZEI's signature and date, as required for a submission to the IRS.

26.     In fact, and contrary to the foregoing representations, BHE had not filed any Form 941 records with the IRS, and the records provided to Bank 1 were fabricated to support BHE's false claims about employee wages, so as to qualify for a PPP loan.

27.     CHRISTOPHER and ERIN MAZZEI further provided Bank 1 with false payroll records to bolster BHE's loan application.   CHRISTOPHER and ERIN MAZZEI submitted payroll records for "BETTER HALF

9

ENTERTAINMENT LLC dba GUSTO ON THE GO CATERING" that purportedly showed wages paid for the first and second quarters of 2019 and the first quarter of 2020. In fact, and as CHRISTOPER and ERIN MAZZEI knew, neither BHE nor GOTG had filed employment tax returns, wage reports, payroll tax deposits, or any other records with the California Employment Development Department, as required by California state law.

28. Prior to the loan closing, ERIN MAZZEI signed a Bank 1 form entitled "Authorization for PPP Loan Disbursement" in which she reaffirmed that the PPP loan funds would be used solely for business-related payroll, mortgage interest, lease payments, and utilities, and acknowledged an understanding that the unauthorized use of funds could carry legal consequences such as "charges of fraud."

29. In reliance on the false representations and documents submitted by CHRISTOPHER and ERIN MAZZEI, Bank 1 approved a loan for BHE. On or about April 27, 2020, Bank 1 wired $92,500 to a Bank 4 account ending 8237 (x8237), maintained in the name of BETTER HALF ENTERTAINMENT LLC dba GUSTO ON THE GO CATERING.

10

PPP Application to Bank 2

30.     On or about April 13, 2020, CHRISTOPHER MAZZEI submitted a

PPP loan application to Bank 2 in the name of GOTG seeking $562,500 in PPP

funds.   CHRISTOPHER MAZZEI transmitted and caused to be transmitted the

GOTG PPP application to Bank 2 by means of interstate wires, namely Bank 2's

internet portal.   In the PPP application, CHRISTOPHER MAZZEI claimed that he

held a 100% ownership interest in GOTG, and that GOTG had 27 employees and an

average monthly payroll of $225,000.   The sole purpose checked for GOTG's PPP

loan was "payroll."

31.     CHRISTOPHER MAZZEI certified that (a) GOTG was in operation

on February 15, 2020, (b) that the loan funds would only be used to retain workers,

maintain payroll or make mortgage interest payments, lease payments and utility

payments, and (c) that between February 15, 2020 and December 31, 2020, GOTG

had not received, and would not receive, another PPP loan.

32.     On the GOTG PPP application, CHRISTOPHER MAZZEI answered

"no" to the question as to whether the applicant [GOTG] or any owner of the

applicant had any ownership interest in another business or common management

with any other business.   In fact, and as he well knew, CHRISTOPHER MAZZEI

was a 50% owner and an officer of BHP.

11

33.     CHRISTOPHER MAZZEI also submitted falsified records to Bank 2 to support the GOTG PPP loan application.   In support of the GOTG application, CHRISTOPHER MAZZEI submitted IRS Form 941 records for the first, second, third and fourth quarters of 2019 that GOTG had purportedly filed with the IRS. These Form 941 records described the entity's business name as "GUSTO ON THE GO LLC" and represented that GOTG had paid 2019 quarterly wages of $848,900, $855,900, $1,404,250, and $300,550, respectively.   The IRS Form 941 records submitted by CHRISTOPHER MAZZEI in support of GOTG's PPP loan application to Bank 2 bore CHRISTOPHER MAZZEI's signature and date, as required for filings with the IRS.

34.     In fact, and contrary to CHRISTOPHER MAZZEI's representations, GOTG had not filed any Form 941 records with the IRS for 2019.   Instead, the IRS Form 941 records that CHRISTOPHER MAZZEI submitted to Bank 2 in support of the GOTG PPP loan application were created for the purpose of supporting BHE's false claims about employee wages and thereby to qualify for a PPP loan.

35.     CHRISTOPHER MAZZEI also submitted falsified records to Bank 2, purporting to show payroll paid by "GUSTO ON THE GO LLC" to its employees for the first and second quarters of 2019 and the first quarter of 2020.   In fact, and as CHRISTOPER MAZZEI then knew, GOTG had not filed employment tax

returns, wage reports, payroll tax deposits, or any other records with the California

Employment Development Department, as required by California state law.

Contrary to the payroll records submitted to Bank 2, GOTG's last corporate filing

with the State of California occurred on October 28, 2019, and the corporation was

suspended from doing business at some point afterward.

36.     On or about April 26, 2020, CHRISTOPHER MAZZEI signed U.S.

Small Business Administration Loan Form 147, affirming that the information and

documents submitted were true and accurate, and acknowledging that the provision

of false information could result in criminal liability.

37.     In reliance on the false representations and documents, Bank 2

approved the GOTG loan application and on April 27, 2020, wired $562,500 to

Bank 4 account ending 8237 (x8237), maintained in the name of BETTER HALF

ENTERTAINMENT LLC dba GUSTO ON THE GO CATERING.

## PPP Application to Bank 3

38.     On or about April 25, 2020, CHRISTOPHER MAZZEI submitted to

Bank 3, which is headquartered in the District of Hawaii, a loan application in the

name of BHP seeking $710,333.333 in PPP funds.   CHRISTOPHER MAZZEI

transmitted and caused to be transmitted the BHP PPP application to Bank 3 by

means of interstate wires, namely E-mail.   CHRISTOPHER MAZZEI claimed

that BHP had an average monthly payroll of $284,133.33 and that the loan was for

"payroll." The application also stated that CHRISTOPHER and ERIN MAZZEI each owned 50% of BHP, and held the titles CEO and President, respectively.

39.     CHRISTOPHER MAZZEI falsely stated that: (a) BHP was in operation on February 15, 2020; (b) the loan funds would be used to retain workers, maintain payroll or make mortgage interest payments, lease payments and utility payments; and (c) that from February 15, 2020 to December 31, 2020, BHP had not received, and would not receive, another PPP loan.

40.     In fact, and contrary to the foregoing representations, BHP was not established until January 7, 2020, and did not obtain an Employer Identification Number (EIN) from the IRS, which was required to operate and pay employment taxes, until April 9, 2020. To bolster his claims about BHP's operations prior to February 15, 2020, CHRISTOPHER MAZZEI submitted to Bank 3 the 2019 payroll and IRS employment tax records for a different entity, GOTG.

41.     CHRISTOPHER MAZZEI also falsely represented that neither BHP nor any of its owners had an ownership interest in, or shared common management, with another business. In fact, and as he well knew, CHRISTOPHER MAZZEI claimed that he was a 100% owner of GOTG in his loan application to Bank 2, and CHRISTOPHER MAZZEI and ERIN MAZZEI jointly managed BHE.

14

42.    CHRISTOPHER MAZZEI also submitted falsified records to Bank 3 in support of BHP's loan application.   As support for BHP's representations relating to its wage expenditures, CHRISTOPHER MAZZEI submitted IRS Form 941 records for the first and second quarters of 2019 for "GUSTO ON THE GO LLC," and for first quarter of 2020 for "BETTER HALF PRODUCTIONS, INC. dba GUSTO ON THE GO CATERING."   All three IRS Form 941 records submitted by CHRISTOPHER MAZZEI in support of the Bank 3 PPP loan application bore CHRISTOPHER MAZZEI's signatures and dates in 2019 and 2020, as would have been required for filings with the IRS.

43.    In fact, and contrary to these representations, neither BHP, nor GOTG, ever filed a Form 941 with the IRS.   Instead, the purported IRS filings submitted by CHRISTOPHER MAZZEI on behalf of BHP to Bank 3 were created for the sole purpose of supporting BHP's loan application.

44.    CHRISTOPHER MAZZEI also submitted falsified records to Bank 3, purporting to show payroll paid by "GUSTO ON THE GO LLC" to its employees for the first and second quarters of 2019 and the first quarter of 2020.   In fact, the State of California's Employment Development Department has no record of employment tax returns, wage reports, payroll tax deposits, or any records, submitted to it by or regarding BHP.

15

45.     In reliance on the false statements and documents, Bank 3 approved

BHP's application and on or about May 11, 2020, mailed cashier's check

#18670465, dated May 7, 2020, in the amount of $710,332, made payable to BHP.

All in violation of Title 18, United States Code, Section 1349.

### Count 2
### Wire Fraud
### (18 U.S.C. § 1343)

46.     The allegations contained in Paragraphs 1 through 18, and 38 through

45 of this Indictment are hereby realleged and incorporated by reference.

47.     From a precise date unknown, but by at least in or around April 2020,

and continuing to in or around May 2020, within the District of Hawaii and

elsewhere, CHRISTOPHER A. MAZZEI and ERIN V. MAZZEI, the defendants,

did knowingly devise and intend to devise a scheme and artifice to defraud, that is

to deceive and cheat, and to obtain money from the PPP and Bank 3, a financial

institution, by means of materially false and fraudulent pretenses, representations,

and promises, well knowing at the time that such pretenses, representations, and

promises would be and were false when made.

48.     As part of the scheme to defraud, CHRISTOPHER and ERIN

MAZZEI submitted and caused to be submitted to Bank 3 a PPP loan application

on behalf of BHP well knowing that this loan application attached documents and

16

contained representations that were false, as described in paragraphs 38-45 of this Indictment. As a result of the scheme, CHRISTOPHER and ERIN MAZZEI obtained approximately $710,332 in PPP funds to which they were not entitled, and which they transferred to their own accounts for their personal benefit.

49. On or about April 25, 2020, in the District of Hawaii and elsewhere, and for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, CHRISTOPHER and ERIN MAZZEI did knowingly transmit, and cause to be transmitted, certain writings, signs, signals, pictures, and sounds in interstate commerce, namely an E-mail from California to Bank 3, which is located in the District of Hawaii, that attached a PPP loan application on behalf of BHP.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## Count 3
## Conspiracy to Launder Money
## (18 U.S.C. § 1956(h))

50. From a precise date unknown, but by on or about May 1, 2020, and continuing to on or about December 4, 2020, within the District of Hawaii and elsewhere, CHRISTOPHER A. MAZZEI and ERIN V. MAZZEI, the defendants, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to commit money laundering offenses under Title 18, United States Code, Section 1957, by knowingly engaging and attempting to

17

engage in monetary transactions, affecting interstate commerce, in criminally

derived property of a value greater than $10,000, with such property having been

derived from specified unlawful activity, namely conspiracy to commit wire fraud

and wire fraud, as charged in Counts 1 and 2 of the Indictment.

51.    In furtherance of the conspiracy and to effect the objects thereof,

CHRISTOPHER A. MAZZEI and ERIN V. MAZZEI, conducted the following

transactions:

| # | Date | Amount | Description |
|---|------|--------|-------------|
| 1 | 05/01/2020 | $50,000 | Fund transfer by CHRISTOPHER MAZZEI from Bank 5 acct. no. x0096 to Bank 5 acct. no. x0195 |
| 2 | 05/21/2020 | $26,869.13 | Check by CHRISTOPHER MAZZEI from Bank 5 acct. no. x0195 to F.B. for mortgage payment on Oak Hill Road Property |
| 3 | 05/22/2020 | $12,576.59 | Check by CHRISTOPHER MAZZEI from Bank 4 acct. no. x8237 to F.B. for Home Equity Line of Credit payment on Oak Hill Road property |
| 4 | 07/06/2020 | $293,000 | Cashier's check by CHRISTOPHER MAZZEI from Bank 6 acct. no. 3230 to Bank 7 acct. no. x7416 |
| 5 | 07/06/2020 | $500,000 | Cashier's check by CHRISTOPHER MAZZEI from Bank 5 acct. no. x0096 to Bank 7 acct. no. x7416 |
| 6 | 11/24/2020 | $43,524.06 | Purchase of a 2019 Ford Expedition by ERIN MAZZEI from M.F. by check from Bank 5 acct. no. x0195 for $21,762.03 and check from Bank 6 acct. no. 3230 for $21,762.03, signed by CHRISTOPHER MAZZEI |

| 7 | 05/23/2020 | $75,877.64 | Check by ERIN MAZZEI from Bank 5 acct. no. x0195 to S.M.F. for purchase of 2019 Lincoln Navigator |
| 8 | 05/31/2020 | $50,000 | Check by ERIN MAZZEI from Bank 4 acct. no. x8237 to P.F. for purchase of 2020 Lincoln Aviator |
| 9 | 12/04/2020 | $175,500 | Wire transfer by ERIN MAZZEI from Bank 5 acct. no. x0096 to T.G.E.S., an entity based in the District of Hawaii, for down payment on a Koio Drive condo |

All in violation of Title 18, United States Code, Section 1956(h).

Count 4
Money Laundering
(18 U.S.C. § 1957)

52.     On or about December 4, 2020, within the District of Hawaii and elsewhere, CHRISTOPHER A. MAZZEI and ERIN V. MAZZEI, the defendants, did knowingly engage in, and attempt to engage in, a monetary transaction, affecting interstate commerce, in criminally derived property of a value greater than $10,000, namely, CHRISTOPHER and ERIN MAZZEI did transfer and cause the transfer of $175,000 from Bank 5 acct. no. x0096 to T.G.E.S. in Hawaii, with such property having been derived from specified unlawful activity, namely conspiracy to commit wire fraud and wire fraud, charged in Counts 1 and 2 of the Indictment.

All in violation of Title 18, United States Code, Sections 1957 and 2.

19

First Forfeiture Notice

1.      The allegations contained in all paragraphs of Counts 1 and 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A) and/or Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      The United States hereby gives notice to CHRISTOPHER A. MAZZEI and ERIN V. MAZZEI, the defendants, that, upon conviction of the offenses charged in Counts 1 and 2 of the Indictment, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 982(a)(2)(A) and/or Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to, or is obtained directly or indirectly as a result of, the violations of Title 18, United States Code, Sections 1343 and 1349, including but not limited to a sum of money equal to at least $1,365,332 in United States currency, including:

  a.  $45,789.99 seized from Bank 8 acct. no. x8974 on or about May 24, 2021;

  b.  $538,203.61 seized from Bank 7 acct. no. 7416, on or about May 25, 2021;

20

    c. $42,000 seized from P.F., a car dealership in San Luis Obispo, California, which represents the proceeds of the sale of a 2019 Ford Expedition registered to ERIN V. MAZZEI;

    d. the real property located at 92-0143 Koio Drive, Unit M4-3, in Kapolei, Hawaii, and designated as Tax Map Key Number (1) 9-1-056-005-0081, together with all appurtenances and improvements; and

    e. the real property located at 1769 Oak Hill Road, in Arroyo Grande, California, and designated as Tax ID 044-332-0120, together with all appurtenances and improvements.

3.    If by any act or omission of the defendants, any of the property subject to forfeiture described in the preceding paragraph herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property up to the value of the property described above in the preceding paragraph,

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

## Second Forfeiture Notice

4.     The allegations contained in all paragraphs of Counts 3 and 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 982.

5.     The United States hereby gives notice to CHRISTOPHER A. MAZZEI and ERIN V. MAZZEI, the defendants, that, upon conviction of the offenses in violation of Title 18, United States Code, Sections 1956(h) and 1957, charged in Counts 3 and 4 of this Indictment, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 982(a)(1), of any and all property, real or personal, involved in the offenses, and all property traceable to such property, including but not limited to:

a.   $45,789.99 seized from Bank 8 acct. no. x8974 on or about May 24, 2021;

b.   $538,203.61 seized from Bank 7 acct. no. 7416, on or about May 25, 2021;

c.   $42,000 seized from P.F., a car dealership in San Luis Obispo, California, which represents the proceeds of the sale of a 2019 Ford Expedition registered to ERIN V. MAZZEI;

22

        d.  the real property located at 92-0143 Koio Drive, Unit M4-3, in

           Kapolei, Hawaii, and designated as Tax Map Key Number (1) 9-1-

           056-005-0081, together with all appurtenances and improvements;

           and

        e.  the real property located at 1769 Oak Hill Road, in Arroyo Grande,

           California, and designated as Tax ID 044-332-0120, together with

           all appurtenances and improvements.

6.    If by any act or omission of the defendants, any of the property

subject to forfeiture described in the preceding paragraph herein:

        a.  cannot be located upon the exercise of due diligence;

        b.  has been transferred or sold to, or deposited with, a third party;

        c.  has been placed beyond the jurisdiction of the court;

        d.  has been substantially diminished in value; or

        e.  has been commingled with other property which cannot be

           divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property

up to the value of the property described above in the preceding paragraph,

//

//

//

23

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title

18, United States Code, Section 982(b)(1).

DATED: May 26, 2022, Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson, Grand Jury
Foreperson, Grand Jury

CLARE E. CONNORS
United States Attorney
District of Hawaii

GREGG PARIS YATES
Assistant United States Attorney

United States v. Christopher A. Mazzei and Erin V. Mazzei
Indictment
Cr. No.
**C R 2 2 - 0 0 0 4 5 JMS**

24