CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

GREGG PARIS YATES #8225
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:   (808) 541-2850
Facsimile:   (808) 541-2958
Email:       Gregg.Yates@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 2 8 2024

at 4 o'clock and 30 min. P M
Lucy H. Carrillo, Clerk

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | )   Crim. No. 22-00045 JMS |
| | ) |
| Plaintiff, | )   ORDER OF FORFEITURE |
| | )   (MONEY JUDGMENT) AND |
| vs. | )   PRELIMINARY ORDER OF |
| | )   FORFEITURE (SPECIFIC |
| CHRISTOPHER A. MAZZEI,  (1) | )   PROPERTY) |
| ERIN V. MAZZEI,              (2) | ) |
| | ) |
| Defendants. | ) |
| | ) |

ORDER OF FORFEITURE (MONEY JUDGMENT) AND
PRELIMINARY ORDER OF FORFEITURE (SPECIFIC PROPERTY)

WHEREAS a four-count Indictment was filed on May 26, 2022, charging

defendants Christopher A. Mazzei and Erin V. Mazzei with one count of

conspiring to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count 1); one

count of wire fraud, in violation of 18 U.S.C. § 1343 (Count 2); one count of

conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h)

(Count 3); and one count of money laundering, in violation of 18 U.S.C. § 1957

(Count 4), and providing notice that, upon conviction, the government would seek

forfeiture; and

WHEREAS, on ~~or about~~ August 28, 2024, defendants Christopher A.

Mazzei and Erin V. Mazzei ~~will enter~~ entered pleas of guilty to Counts 1 and 3 of the

Indictment, which charge each of them with conspiring to commit wire fraud

(Count 1) and conspiring to commit money laundering (Count 3); and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, a

person convicted of a conspiracy to violate 18 U.S.C. § 1343, which is an offense

constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), shall

forfeit to the United States any property, real or personal, which constitutes or is

derived from proceeds traceable to that offense; and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), a person convicted of a

conspiracy to violate 18 U.S.C. § 1957 shall forfeit to the United States any

property, real or personal, involved in that offense, and any property traceable to

such property; and

WHEREAS the United States seeks the entry of a forfeiture money

judgment in the amount of $1,365,332 in United States currency (the "Forfeiture

Money Judgment") and the forfeiture of all of defendant Christopher A. Mazzei's

and defendant Erin V. Mazzei's right, title, and interest in the following property

(the "Specific Forfeitable Property"):

    i.    the net proceeds from the sale of the real property located at 92-0143 Koio Drive, Unit M4-3 in Kapolei, Hawaii; designated as TMK (1) 9-1-056-005-0081, together with all appurtenances and improvements, including the approximately $430,048.77 which has already been deposited into the Treasury Department Seized Asset Deposit Fund, and any amount of the Hawaii Real Property Tax Act (HARPTA) withholding amount ($91,712.50), which the State of Hawaii determines is an overage as to the seller's actual tax liability;

    ii.    the real property located at 1769 Oak Hill Road, in Arroyo Grande, California, and designated as Tax ID 044-332-0120, together with all appurtenances and improvements (the "California Property"), and any proceeds from the sale of the California Property;

    iii.    $45,789.99 seized on or about May 24, 2021 from Bank 8 account ending in 8974;

    iv.    $538,203.61 seized on or about May 25, 2021 from Bank 7 account ending in 7416; and

    v.    $42,000 seized on or about May 26, 2021 from P.F., a car dealership in San Luis Obispo, California, which represents proceeds of the sale of a 2019 Ford Expedition registered to Erin V. Mazzei; and

WHEREAS, in each plea agreement, defendant Christopher A. Mazzei and

Erin V. Mazzei consented to the entry of the Forfeiture Money Judgment and the

forfeiture of all of his/her right, title, and interest in the Specific Forfeitable

Property; and

WHEREAS the Court has considered the defendants' pleas of guilty, other evidence already in the record, and any additional evidence and information submitted by the parties; and

WHEREAS the Specific Forfeitable Property and the value of the Forfeiture Money Judgment are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 as property, real or personal, which constitutes or is derived from proceeds traceable to the offense to which defendants Christopher A. Mazzei and Erin V. Mazzei have pled guilty, and the Court so finds; and

WHEREAS the Specific Forfeitable Property and the value of the Forfeiture Money Judgment are subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) as property, real or personal, involved in the offense to which defendants Christopher A. Mazzei and Erin V. Mazzei have pled guilty, and property traceable to such property, and the Court so finds; and

WHEREAS the United States is now entitled to a forfeiture money judgment in the amount of $1,365,332 pursuant to 18 U.S.C. § 982(a)(1), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

WHEREAS, pursuant to the Indictment and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461 and by 18 U.S.C. § 982(b)(1), it is the intent of the United States to seek forfeiture of any other property of the defendant up to the

4

value of the property subject to forfeiture if, as a result of any act or omission of

the defendant, any property subject to forfeiture:

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred or sold to, or deposited with, a third party;

    (C)    has been placed beyond the jurisdiction of the court;

    (D)    has been substantially diminished in value; or

    (E)    has been commingled with other property which cannot be divided without difficulty; and

WHEREAS Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure

provides that no ancillary proceeding is required to the extent that the forfeiture

consists of a money judgment; and

WHEREAS defendants Christopher A. Mazzei and Erin V. Mazzei:

    (1)    Acknowledge that $1,365,332 and the Specific Forfeitable Property are subject to forfeiture as described above; and

    (2)    Consent to the imposition of a forfeiture money judgment in the amount of $1,365,332 pursuant to 18 U.S.C. § 982(a)(1), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

    (3)    Waive and abandon all right, title, and interest in the Specific Forfeitable Property; and

    (4)    Waive, release, and withdraw any claim that they may have made with respect to the Specific Forfeitable Property and waive and release any claim that they might otherwise have made to it in the future; and

    (5)    Agree to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the Specific

Forfeitable Property and property to satisfy the forfeiture money judgment; and

(6)     Agree that this Order is final at the time of its entry by the Court pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure; and

(7)     Waive the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction; and

(8)     Acknowledge that he/she understands that forfeiture will be part of the sentence imposed upon him/her in this case and waive any failure by the Court to advise him/her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(9)     Waive, and agree to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(10)    Waive all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Order; and

WHEREAS good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order shall become final as to defendants Christopher A. Mazzei and Erin V. Mazzei, on the date it is entered by the Court, and it shall be made part of the sentence of defendants Christopher A. Mazzei and Erin V. Mazzei, and shall

be included in the judgment of conviction of defendants Christopher A. Mazzei
and Erin V. Mazzei; and

<u>Money Judgment</u>

THAT, pursuant to 18 U.S.C. § 982(a)(1), 18 U.S.C. § 981(a)(1)(C) and 28
U.S.C. § 2461, defendants Christopher A. Mazzei and Erin V. Mazzei shall forfeit
to the United States the sum of $1,365,332; and

THAT a money judgment in the amount of $1,365,332 (the "Forfeiture
Money Judgment") is hereby entered against the defendants pursuant to 18 U.S.C.
§ 982(a)(1), 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461 and Rule 32.2(b) of the
Federal Rules of Criminal Procedure; and

THAT all payments on the Forfeiture Money Judgment shall be made by
postal money order, bank check, or certified check made payable to the U.S.
Department of the Treasury and delivered to the United States Attorney's Office,
District of Hawaii, Attn: Asset Forfeiture Coordinator, PJKK Federal Building,
300 Ala Moana Boulevard, Suite #6-100, Honolulu, Hawaii 96850, with either or
both of the defendants' name and criminal docket number noted on the face of the
check; and

THAT upon execution of this Order, and pursuant to 21 U.S.C. § 853(p), as
incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461, the U.S. Department
of the Treasury shall be authorized to deposit the payments on the Forfeiture

Money Judgment into the Treasury Forfeiture Fund, and the United States shall have clear title to such forfeited property; and

THAT, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and issuance of subpoenas; and

THAT the United States may move at any time pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p) to amend this Order to include substitute property having a value not to exceed $1,365,332 in United States currency to satisfy the Forfeiture Money Judgment in whole or in part; and

THAT, if this Order is amended to include such substitute property, the United States is authorized to seize that property pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure; and

THAT the value of any substitute assets, including any forfeited money and the net proceeds derived from the sale of any forfeited property, will be applied to the Forfeiture Money Judgment until the Forfeiture Money Judgment is satisfied in full; and

8

Specific Property

THAT, pursuant to 18 U.S.C. § 982(a)(1), 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461, any and all interests of defendants Christopher A. Mazzei and Erin

V. Mazzei, in the Specific Forfeitable Property, specifically:

i.   the net proceeds from the sale of the real property located at 92-0143 Koio Drive, unit M4-3 in Kapolei, Hawaii; designated as TMK (1) 9-1-056-005-0081, together with all appurtenances and improvements, including the approximately $430,048.77 which has already been deposited into the Treasury Department Seized Asset Deposit Fund, and any amount of the Hawaii Real Property Tax Act (HARPTA) withholding amount ($91,712.50), which the State of Hawaii determines is an overage as to the seller's actual tax liability;

ii.  the real property located at 1769 Oak Hill Road, in Arroyo Grande, California, and designated as Tax ID 044-332-0120, together with all appurtenances and improvements (the "California Property"), and any proceeds from the sale of the California Property;

iii. $45,789.99 seized on or about May 24, 2021 from Bank 8 account ending in 8974;

iv.  $538,203.61 seized on or about May 25, 2021 from Bank 7 account ending in 7416; and

v.   $42,000 seized on or about May 26, 2021 from P.F., a car dealership in San Luis Obispo, California, which represents proceeds of the sale of a 2019 Ford Expedition registered to Erin V. Mazzei,

are hereby forfeited to the United States of America; and

9

THAT the Specific Forfeitable Property shall be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of the Specific Forfeitable Property; and

THAT, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461, the United States shall publish notice of this Order, and of its intent to dispose of the Specific Forfeitable Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

THAT the United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Specific Forfeitable Property as a substitute for published notice as to those persons so notified; and

THAT, pursuant to 21 U.S.C. § 853(n), any person, other than the above-named defendants, asserting a legal interest in the Specific Forfeitable Property may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Specific Forfeitable Property; and

THAT, pursuant to 21 U.S.C. § 853(n)(3), any petition filed by a third party asserting an interest in the Specific Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the

10

petitioner's right, title, or interest in the Specific Forfeitable Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Specific Forfeitable Property, any additional facts supporting the petitioner's claim, and the relief sought; and

THAT if no third party files a timely claim, this Order shall become the Final Order of Forfeiture as to the Specific Forfeitable Property, as provided by Fed. R. Crim. P. 32.2(c)(2); or, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture for the Specific Forfeitable Property pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed; and

THAT if the forfeiture of the Specific Forfeitable Property, or any portion of it, becomes final, defendants Christopher A. Mazzei and Erin V. Mazzei will be entitled to a credit against the amount remaining due on the Forfeiture Money Judgment in the net amount of the Specific Forfeitable Property that is forfeited; and

THAT this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

The undersigned hereby consent to
the entry and form of this order:

CLARE E. CONNORS
United States Attorney

11

_____ Dated: _8/28/_____, 2024
By:   GREGG PARIS YATES
Assistant United States Attorney

_____ Dated: _8/28/_____, 2024
DAN L. COGDELL, ESQ.
DORIS LUM, ESQ.
Attorneys for Defendant Christopher A. Mazzei

_____ Dated: _8/28/_____, 2024
CHRISTOPHER A. MAZZEI
Defendant

_____ Dated: August 28, 2024
JOHN M. SCHUM, ESQ.
Attorney for Defendant Erin V. Mazzei

_____ Dated: _8/28/_____, 2024
ERIN V. MAZZEI
Defendant




_____
HONORABLE J. MICHAEL SEABRIGHT
United States District Judge

USA v. Christopher A. Mazzei, et al.; Criminal No. 22-00045 JMS; "Order of
Forfeiture (Money Judgment) and Preliminary Order of Forfeiture (Specific
Property)"

12